Lewis J. ALLEN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV 77–578–FW.

United States District Court, C. D. California.

Sept. 22, 1977.

As Amended Oct. 7, 1977.

**464**

Stuart W. Knight, Anaheim, Cal., for plaintiff.

Robert L. Brosio, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., William J. James, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION

WHELAN, District Judge.

Plaintiff brings this action to recover alleged overpayment of federal income tax. Between 1970 and 1972, while he was employed as a member of the Armed Services, Plaintiff failed to file income tax returns. On June 26, 1976, claims were filed for the refund of taxes paid during those years; such taxes were paid by Plaintiff's said employer by withholding a portion of his salary for the years 1970 to 1972. The Internal Revenue Service denied the claims because more than three years had elapsed between the time the last tax return was due and the claims were filed.

The law governing this action is clear. A suit to recover internal revenue tax wrongfully collected cannot be maintained "until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard . . ." 26 U.S.C. § 7422. Those provisions are found in 26 U.S.C. § 6511(a) which provides: "Claims for credit or refund of an overpayment of any tax imposed by this title in respect to which tax the taxpayer is required to file a return shall be filed by the taxpayer within three years from the time the return was filed . . or if no return was filed by the taxpayer, within two years from the time the tax was paid."

■ In this case, no tax returns were filed for the years 1970, 1971 and 1972. Thus, Plaintiff had at the latest until 1974 to duly file a claim for taxes paid in 1972. Since the claim was not filed until 1976, this Court lacks jurisdiction.

■ Plaintiff argues, however, the claims he filed in 1976 should be considered as tax returns. In that event, he would have three years from 1976 in which to claim a refund based on those tax returns. Whether or not an income tax form filed several years after it is due can be considered an income tax return rather than a claim need not be decided. Even assuming Plaintiff

filed an income tax return in 1976, he is barred by the limitations period of 26 U.S.C. § 6511(b)(2)(A). That section provides if a claim is filed within 3 years after the tax return, "the amount of the credit or refund shall not exceed the portion of the tax paid within the period immediately preceding the filing of the claim  . ." The quoted statute goes on to define such "period" as "equal to 3 years plus the period of any extension of the time for filing the return." Since no extension was given, Plaintiff can recover only the tax paid during the three years preceding the filing of the claim, which filing could not have occurred before 1976. Plaintiff's claims are solely for monies paid during 1970, 1971 and 1972. Thus, Plaintiff is barred from seeking a refund of taxes paid before 1973.

■ Plaintiff asserts any statute of limitations which might otherwise bar relief is tolled because of the Soldiers' and Sailors' Civil Relief Act, of 1940, 50 U.S.C.App. § 501 *et seq.* This is not so. Section 207 of the Act (50 U.S.C.App. § 527) provides the provisions of the Act tolling statutes of limitations during the period of military service "shall not apply with respect to any period of limitations prescribed by or under the internal revenue laws of the United States."

■ Finally, Plaintiff argues the government has waived its right to assert the statute of limitations. His position is based upon a letter dated October 7, 1976, from the Internal Revenue Service stating he could bring an action within two years of the mailing of the letter. That does not indicate a waiver of the government's defense. Indeed, the government stated in the letter the reason for denying the claim was the lapse of time. The reference to bringing an action within two years of the mailing of the letter was merely to notify the Plaintiff of his right to contest the government's interpretation of the applicability of the statute of limitations.

■ Plaintiff has cited no federal authority to support his position that a government employee may waive the statute of limitations. Nor has Plaintiff demonstrated how the government's action has prejudiced him. Plaintiff's initial contact with the Internal Revenue Service was not until after the period of limitations had run. Thus, the government should not be estopped from asserting the defense of the statute of limitations.

Accordingly,

IT IS ORDERED that Defendant's motion to dismiss Plaintiff's second amended complaint is granted on the merits and judgment shall be entered in favor of the Defendant. No judgment shall be entered until the Court has signed and filed its formal judgment.