**Jihad BEYDOUN**

v.

**UNITED STATES of America**

**Civil Action No. 96–3097 (NHP).**

United States District Court,
D. New Jersey.

July 8, 1997.

Charles P. Karch, Butler, NJ, for Plaintiff.

Charles M. Flesch, Trial Attorney Tax Division—U.S. Dept. of Justice, Washington, DC, Susan Cassell, Asst. U.S. Atty., Faith Hochberg, U.S. Attorney, Newark, NJ, for Defendant.

### AMENDED OPINION

POLITAN, District Judge.

Dear Counsel:

This matter comes before the Court on the motion of defendant, United States of America, ("the Government"), to dismiss the Complaint of plaintiff, Jihad Beydoun ("Beydoun"). Plaintiff's Complaint seeks to recov-

**1.** Section 1346(a)(1) is a jurisdictional statute. *Flora v. United States*, 357 U.S. 63, 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *reh'g granted*, 360 U.S. 922, 79 S.Ct. 1430, 3 L.Ed.2d 1538 (1959), *on reh'g*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). It does not support a specific cause of action.

**2.** Section 6331 states in relevant part:
   **(d) Requirement of notice before levy.—**
   (1) **In general.**—Levy may be made under subsection (a) upon the salary or wages or

er assessed and collected internal revenue taxes under 28 U.S.C. § 1346(a)(1).[1] The Court has jurisdiction to consider defendant's motion pursuant to 28 U.S.C. § 1331. Oral argument was heard in this matter on June 9, 1997. For the reasons set forth more fully below, the defendant's motion to dismiss is **GRANTED**.

### STATEMENT OF FACTS

This is an income tax case. Plaintiff alleges that, in 1986, the Internal Revenue Service ("IRS") levied his bank account for $75,-741.33 without giving him notice. Plaintiff further claims that he did not discover that the funds were missing until 1989 and that, despite persistent inquiries, the IRS did not officially acknowledge the levy until 1996. Plaintiff brings the instant suit to recover the federal taxes and penalties that the levy comprised and any related interest.

### DISCUSSION

The Government alleges that plaintiff's bank account was levied pursuant to 26 U.S.C. §§ 6331(a) and 6331(d)(3),[2] which allow for levies without preliminary notice when the Secretary of the Treasury has made a jeopardy assessment. Furthermore, the Government notes that the IRS levied plaintiff's account as the result of an audit of plaintiff's income taxes for tax years 1979 through 1983, in which plaintiff participated. *See* Declaration of William Mateo ("Mateo Decl."), ¶¶ 9 and 12. The jeopardy assessments were made against plaintiff for unreported income and unpaid self-employment tax during those years. *Id.*

Plaintiff does not dispute that he has no remedy at law. Indeed, the statute of limitations for filing a refund claim has run.

> other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.
> . . .
> (3) **Jeopardy.**—Paragraph (1) shall not apply to a levy if the Secretary has made a finding under the last sentence of subsection (a) that the collection of tax is in jeopardy.
> 26 U.S.C. § 6331.

*See* 26 U.S.C. § 6511(a).[3] Instead, plaintiff asks the Court to toll the statute of limitations equitably[4] (1) because the limitations period expired as a result of the IRS's surreptitious levy and (2) because plaintiff exercised due diligence in seeking a refund once he discovered the funds were missing.

■ In *United States v. Brockamp*, the Court held "that Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations." *United States v. Brockamp*, —— U.S. ——, ——, 117 S.Ct. 849, 853, 136 L.Ed.2d 818 (1997). The Supreme Court unequivocally forbade equitable tolling of § 6511's limitations period in *Brockamp*. Putting aside for a moment the fact that plaintiff is barred from bringing the instant suit because he did not file a timely claim for refund with the IRS, *see* 26 U.S.C. §§ 6511(a), 7422(a), plaintiff's claim for equitable relief fails under *Brockamp*.

In *Brockamp*, the Court stated that federal courts could not extend § 6511's limitations period based on equitable considerations. Speaking for a unanimous Court, Justices Breyer stated:

> Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together to read other unmentioned, open-ended, "equitable" exceptions into the statute that it wrote. There are no counter-indications.

—— U.S. at ——, 117 S.Ct. at 852.[5]

It is plain from the record that plaintiff did not file a claim for refund within § 6511's limitations period. Indeed, had he done so, he would not be asking the Court to toll the limitations period equitably.

More than four years passed before plaintiff discovered that his bank account had been levied. The Government does not dispute that plaintiff acted diligently after that point. Plaintiff maintains that he exercised due diligence once he discovered the funds were missing from his bank account.

Plaintiff claims that he could not bring the present action until 1996, despite repeated contacts with the IRS, because the IRS steadfastly denied the existence of the levy. There are facts in the record, however, that would have made a person with a reasonably prudent regard for his rights become aware of a potential cause of action. These are the Notices of Deficiency that the IRS sent to plaintiff in February 1986 and the check that was drawn from his bank account, made pay-

---

**3.** Section 6511(a) allows taxpayers to file for the refund of an overpayment "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a).

**4.** The doctrine of equitable tolling "functions to stop the statute of limitations from running where [a] claim's accrual date has already passed." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir.1990), *cert. denied*, 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991)). The Third Circuit has applied the doctrine in several different situations including those "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action." *Id.*

**5.** Plaintiff attempted to introduce the doctrine of equitable estoppel in his supplemental brief and his supplemental reply brief. Federal courts have been careful to distinguish between the two doctrines. *See, e.g., Oshiver*, 38 F.3d at 1389–90 (distinguishing between the doctrines of equitable tolling and equitable estoppel); *Wolin v.*

*Smith Barney, Inc.*, 83 F.3d 847, 852 (7th Cir. 1996) (same).

The *Brockamp* decision is clear, however, when the Court states that "Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote." —— U.S. at ——, 117 S.Ct. at 852. This pertains to all equitable exceptions, both estoppel and tolling.

The recent decision in *Thomasson v. United States*, though based on a different Internal Revenue Code provision, analyzes succinctly the *Brockamp* decision's application to both equitable defenses.1997 WL 220321 (N.D.Cal. Apr. 21, 1997). The *Thomasson* court explained:

> The *[Brockamp]* Court's opinion .... foreclosed all equitable exceptions to the limitations period provided in section 6511.... The Court further emphasized ... that "[t]ax law, after all is not normally characterized by case-specific exceptions reflecting individualized equities." Even if it did not "run equitable tolling and equitable estoppel together," the *Brockamp* opinion imposed a blanket bar to nonstatutory extensions of the limitations period in section 6511.

1997 WL 220321, at *4.

able to the "Internal Revenue Service," and marked "RE: Levy Beydoun" that plaintiff received in 1991. (*See* Mateo Decl. Exs. B–1, B–2 (IRS's Notices of Deficiency for tax years 1979 through 1983)).

 Because both of these communications, taken together, constituted sufficient information to file a refund claim and then bring suit, section 6511's limitations period would have begun to run in 1991, at the latest, when plaintiff first saw the check.

### CONCLUSION

Based upon the foregoing, the Government's motion to dismiss is **GRANTED**, and plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**