Cesar A. SY and Mona G. Sy, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil Action No. 96–72039.

United States District Court,
E.D. Michigan,
Southern Division.

July 10, 1997.

---

6. Defendant's separately filed Motion to Dismiss for Failure to State a Claim is DENIED as MOOT.

Stephen J. Dunn, Troy, MI, for Plaintiffs.

Geneva Halliday, Asst. U.S. Atty., Detroit, MI, Christine A. Grant, Asst. U.S. Atty., U.S. Dept. of Justice, Washington, DC, Oksana Xenos, District Counsel–I.N.S., Detroit, MI, for Defendant.

*OPINION AND ORDER*

FEIKENS, District Judge.

Plaintiffs Cesar and Mona Sy filed suit to recover money paid to the United States Internal Revenue Service (IRS), and now move for summary judgment. The IRS has moved to dismiss the complaint for failure to state a claim, Fed.R.Civ.P.. 12(b)(6), and, in the alternative, cross-moved for summary judgment. For the reasons stated below, summary judgment is granted for the IRS.

## I. *Background*

The Sys were working overseas from 1978 thorough 1995 and consistently failed to file income tax returns. As of April 1985 they had not filed a return for 1981, and the IRS prepared and filed a substitute return pursuant to 26 U.S.C. § 6020(b)(1). On April 22, 1985 the IRS assessed taxes for 1981 of $48,812.92, a negligence penalty of $15,006.86, a late filing penalty of $8,598.74 and $18,646.60 in interest, totalling $91,065.12.

After the Sys were levied for unpaid 1980 taxes (not at issue here), they prepared a return for the 1981 tax year and filed it on or about November 16, 1986. This return showed $14,087 in taxes due and $14,418 withheld, leaving an overpayment of $331. Nevertheless, the Sys entered into several installment payment agreements with the IRS in order to end the levy against them, remitting a total of $7,000 between October 1988 and February 1989.

In 1994 as a result of a change in law, the Sys became eligible for the foreign tax credit, which the IRS admits was retroactively applicable to their 1981 taxes. Thus the return they filed accurately stated their liability to be $14,087. Rather than returning the $7,000 in installment payments plus interest to the Sys, the IRS treated the $7,000 as an "overpayment" and kept it.

After the tax law change, the IRS sent the Sys a notice of their entitlement to a refund dated May 2, 1994. But the IRS subsequently disallowed the refund in a notice to the Sys dated May 5, 1994.[1] The Sys filed this

---

1. That notice denies a refund request received on April 15, 1987 which the IRS assumed to be $21,405.98. The IRS maintains that the only actual refund request was the 1981 tax return, seeking $331 in overpaid taxes, and this is the refund request cited by plaintiffs in their complaint. The IRS says it cited the higher figure because it erroneously included the entire amount of withheld taxes paid by the Sys, along

lawsuit on May 1, 1996. They seek $7,000 plus interest, and abandon their claim to the $331 they overpaid in withholding,

## II. *Standard of Review*

In deciding a motion to dismiss under Rule 12(b)(6), the court examines whether the pleadings state a claim for which relief may be granted, without reviewing additional evidence. *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997). In deciding a summary judgment motion, the court looks beyond the pleadings and evaluates the evidence to determine whether trial is necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The proper inquiry is whether the evidence, viewed in the light most favorable to the non-movant, would permit a reasonable jury to return a verdict for plaintiff. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989). Because I consider affidavits and documents submitted in support of the parties' motions, I will review the motions under the summary judgment standard.

## III. *Analysis*

Because the IRS acknowledges the $ 7,000 was overpaid, the case turns on whether or not the Sys are barred by statute from seeking a refund. Both sides agree that the Internal Revenue Service Code of 1954, 26 U.S.C. § 6511, controls. Section 6511(a) is a statute of limitations:

> Claim for credit or refund of an overpayment of any tax ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Section 6511(b)(1) applies this limitation strictly:

with their $7,000 in installment payments, minus a $12 lien fee.

**2.** IRS records show that a refund request for 1981 taxes was received on April 15, 1987. As noted in Footnote 1, *supra,* in its May 5, 1994 disallowance letter the IRS treated this refund request as if it sought the return of $21,405.98, including the $7,000. If true, this would have meant that the Sys would be within the statutory

> No credit or refund shall be allowed or made after the expiration of the limitation proscribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

The IRS admits that the Sys' November 1986 claim was timely under this framework. Though it was not filed within two years after the tax was paid (the withheld payments were credited to the 1981 account on April 15, 1982), the refund request was simultaneous with the filing of their 1981 return in November 1986, and therefore "within 3 years from the time the return was filed."

■ Nevertheless, the IRS maintains that the present claim is barred by another statutory provision. Section 6511(b)(2) limits the amount that may be recovered in a credit or refund:

> (A) Limit where claim filed within 3–year period.—If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the claim, equal to 3 years plus the period of any extension of time for filing the return.

Thus the IRS maintains that the Sys may only recover an amount equal to 1981 taxes paid in the three years before they filed their claim in November 1986.[2] Since the Sys paid no 1981 taxes between November 1983 and November 1986, they may not recover a refund. *Oropallo v. United States,* 994 F.2d 25, 27 (1st Cir.1993), cert. denied, 510 U.S. 1050, 114 S.Ct. 705, 126 L.Ed.2d 671 (1994); *Curry v. United States,* 774 F.2d 852, 855 (7th Cir.1985). The money which plaintiffs

period, since it was within three years of their filing and sought to recover money paid within the previous three years. But the Sys have not contested the IRS' assertion that the disallowance letter was in error, and the only actual refund request was for $331. Indeed, according to IRS records the $7,000 had not been paid by April 17, 1987.

seek to recover was remitted between October 1988 and February 1989.[3]

■ Plaintiffs maintain that the $7,000 they seek is not a "refund" of a "payment" and thus § 6511(b)(2) does not apply. The IRS argues that the $7,000 was indeed a "payment," and therefore § 6511(b)(2) applies. A remittance to the IRS will be considered a deposit, rather than a payment, if the money is given over in order to stop the running of interest and penalties on the possible deficiency, rather than to satisfy an already existing assessment. *Rosenman v. United States*, 323 U.S. 658, 662–663, 65 S.Ct. 536, 538–39, 89 L.Ed. 535 (1945). A deposit is like a cash bond, subject to immediate return on demand; because deposits are not payment of tax, the IRS is not required to pay interest when a deposit is returned to the taxpayer. *Id.* at 662, 65 S.Ct. at 538. In contrast, when a payment is made to satisfy tax obligations it will not be returned on demand, but it will accrue interest if a refund is later ordered.

Courts have subsequently found that when a taxpayer acts "intending to satisfy a proposed deficiency and discharge any further tax liability" the remittance will be considered a payment, whether or not the assessed liability is accurate. *Ameel v. United States*, 426 F.2d 1270, 1273 (6th Cir.1970).

■ Circumstances here indicate the $7,000 was a payment, and not a deposit. At the time the Sys paid the money, their assessed liability for 1981 exceeded $91,000. The Sys made the payment in order to persuade the IRS to release a levy. They did not indicate that the payment was made under protest. The money was given not to stop the running of interest and penalties on an anticipated deficiency, but to satisfy an already existing assessment. The checks do not designate the payments as a deposit. IRS forms indicate the payments were marked "TDA" (taxpayer delinquent account)

and "Payment Posting Voucher," and the transcript of accounts indicates that the installments were indeed applied to the Sys' 1981 account, *i.e.* treated as payments by the IRS.

■ The Sys argue that equity should prohibit the enforcement of the statutory limitation, since they did not know that they were entitled to the refund until after the limitation had expired. However, case law indicates that the statutory limitation applies whenever taxpayers make payment assuming a liability, regardless of the accuracy of the assessment. *Ameel, supra.* Despite the court's invitation to present cases supporting an exception for unilateral mistake, plaintiffs have cited no case law to that effect.

It makes no difference that the Sys may have believed they did not owe the $7,000 at the time they paid it. They accepted liability by entering into the installment agreement with the IRS. Their remedy would have been to submit the money under protest, as a deposit rather than a payment, or to seek a refund within the statutory period.[4]

Because I do not rely on the affidavit of Christine A. Grant in reaching this decision, plaintiffs' objection to that affidavit is moot. Because defendant has prevailed, its motion to strike plaintiffs' supplemental brief is moot.

### IV. *Conclusion*

The $7,000 that plaintiffs remitted to the IRS was made as a payment of assessed liability, and therefore statutory limitations prevent them from now obtaining a refund. Accordingly, summary judgment is granted for defendant and plaintiffs' motion is denied.

IT IS SO ORDERED.

---

**3.** Because the $7,000 in installment payments were made between October 1988 and February 1989, it appears that this money could only be recovered until three years after that time, or October 1992 to February 1993. The Sys did not seek the return of the money during that period.

**4.** It is true that § 6511(b)(2) effectively limits the retroactive application of a statute granting tax relief, since the relief could not apply to pay-

ments made more than three years before the relief entered into effect. However, neither party has argued that this effect of § 6511(b)(2) is impermissible. In fact, if § 6511(b)(2) did not operate in this manner, then retroactively applied tax relief could stretch backwards in perpetuity, with unpredictable effects on the U.S. treasury.