VIDEO TRAINING SOURCE, INC., a Colorado Corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. Civ.A. 96–B–2820.

United States District Court, D. Colorado.

Jan. 28, 1998.

James F. Frost, Wheat Ridge, CO, for Plaintiff.

Arthur P. Yoon, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, William G. Pharo, Assistant U.S. Attorney, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

The United States of America (the government) moves to dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). The motion is inadequately briefed but oral argument would only confuse its resolution. For the reasons set forth below, which state a case for a simple tax code, I grant the government's motion to dismiss.

### I. FACTS

The record reflects the following undisputed facts. Plaintiff, Video Training Source, Inc. (VTS), lost all of its records relating to the tax year ending on December 31, 1990 (tax year 1990). The loss of these records prevented VTS from filing its corporate income tax return for tax year 1990 in a timely manner. VTS filed an application for an automatic extension with the Internal Revenue Service (the IRS) on March 18, 1991. (Compl. ¶¶ 6–7.)

Simultaneously, on March 18, 1991, VTS paid $4,000.00 to the IRS, which amount the IRS deemed an "initial installment payment" for tax year 1990. On April 22, 1991, the IRS granted VTS's application for an extension of time in which to file its 1990 corporate tax return, up to and including September 15, 1991. However, VTS failed to file its 1990 return until October 26, 1994. (Compl. ¶ 7; Def.'s Brf. in Supp. of Mot. Dismiss ¶ 4.) The record does not disclose what occurred between September 15, 1991 and October 26, 1994.

The 1990 return reported VTS incurred no income tax liability for tax year 1990. The 1990 return also requests a credit or refund for the overpayment of $4,000.00. (1990 Return, Decl. of Yoon in Supp. of Mot. Dismiss, Ex. A.) Shortly after VTS filed its 1990 return, the IRS sent a letter to VTS denying VTS's refund claim as untimely.

VTS commenced this action on December 6, 1996, seeking a refund of $4,000 from the government. VTS alleges that the Internal Revenue Code (the Code) excuses late filing of a refund claim "for good cause shown." VTS avers that jurisdiction is proper pursuant to 28 U.S.C. § 1346(a)(1).

### II. LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc. v. Super Valu Stores, Inc.,* 744 F.Supp. 1025, 1026 (D.Colo.1990). When a party moves to dismiss a pleading because the pleading does not establish sufficient grounds for the court's jurisdiction, whether the district court has jurisdiction "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir.1971).

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). A party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Though the district court may consider evidence outside the pleadings, the motion is not converted to a motion for summary judgment under Fed.R.Civ.P. 56. *Holt* at 1003.

## III. JURISDICTION

The United States may not be sued without its consent. *See Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir.1992). A waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not extend beyond the explicit language of the statute. *Fostvedt* at 1203. Consequently, a taxpayer must show an express waiver or sovereign immunity authorizing an action against the government. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir.1990). If waiver does not exist, the district court must dismiss the action for lack of subject matter jurisdiction. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir.1989).

VTS alleges that subject matter jurisdiction exists pursuant to is 28 U.S.C. § 1346, which states in relevant part:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

28 U.S.C. § 1346(a)(1) (1994). Though VTS meets the general criteria of § 1346(a)(1), VTS must also establish that it filed a timely claim for refund or credit with the IRS in accordance with Code §§ 7422(a) and 6511(a). Sections 1346(a)(1), 7422(a), and 6511(a) together establish a limitations period for the filing of refund claims. *See United States v. Dalm*, 494 U.S. 596, 602, 110

S.Ct. 1361, 108 L.Ed.2d 548 (1990) ("unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund ... may not be maintained in any court"); *accord C.I.R. v. Lundy*, 516 U.S. 235, 116 S.Ct. 647, 651, 133 L.Ed.2d 611 (1996).

I conduct a three-step analysis to determine whether VTS filed a timely refund claim. First, I determine whether the $4,000.00 paid by VTS on March 18, 1991 constitutes an "overpayment" as defined by the Code. If the amount paid by VTS does not constitute an "overpayment," then VTS may not seek a refund or credit of this amount. I.R.C. § 6511(a). Second, I consider whether VTS filed a refund claim, regardless of its timeliness. If VTS failed to file a refund claim, this court does not have jurisdiction over VTS's complaint. I.R.C. §§ 6511(a) and 7422(a). Third, I determine whether VTS filed its refund claim in a timely manner. A timely refund claim is a jurisdictional prerequisite to maintaining a tax refund suit in district court. *Angle v. United States*, 996 F.2d 252, 253 (10th Cir.1993); I.R.C. § 7422(a) (1994). If VTS fails to meet any of these three criteria, then the district court does not have subject matter jurisdiction over VTS's claim.

### a. Existence of an "Overpayment"

A corporation that overpays its income taxes may generally obtain a refund or credit of the overpayment through administrative action or, if necessary, a refund suit. Section 6401 of the Code describes certain specific items that constitute overpayments, but there is no specific statutory definition of the term "overpayment." The only relevant provision of section 6401 states: "An amount paid as a tax shall not be considered not to constitute an overpayment solely by reason of the fact there was no tax liability in respect of which such amount was paid." I.R.C. § 6401(c) (1994); Treas.Reg. § 301.6401–1(b) (as amended 1985). Resisting temptation to editorialize about this language, I will note only that Congress' use of a double negative in section 6401(c) apparently limits the provision's scope. Section 6401(c) states what shall not constitute an

"overpayment," but does not define an "overpayment." Section 6401, therefore, provides no guidance.

The Supreme Court, however, has interpreted the term "overpayment" to mean "any payment in excess of that which is properly due." *Jones v. Liberty Glass Co.*, 332 U.S. 524, 531, 68 S.Ct. 229, 92 L.Ed. 142 (1947). "The common sense interpretation is that a tax is overpaid when a taxpayer pays more than is owed, for whatever reason or no reason at all." *Dalm*, 494 U.S. at 609 n. 6; *see also Bachner v. C.I.R.*, 109 T.C. 125, 128, 1997 WL 589910 (1997) (declining to accept any argument that the term "overpayment" is specifically and narrowly defined by section 6401).

■ The IRS does not contend that VTS incurred any tax liability for tax year 1990. Nor does the IRS contend that VTS's $4,000.00 payment relates to another tax year. I conclude, therefore, that VTS's $4,000.00 payment constitutes an "overpayment" for tax year 1990. The overpayment entitles VTS to obtain a refund or credit if VTS filed a refund claim within the appropriate period of time.

**b. Existence of a Refund "Claim"**

■ When a taxpayer files a tax return with the IRS, the tax return constitutes a "claim" if the return references an overpayment. The Treasury Regulations state: "in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return." Treas.Reg. § 301.6402–3(a)(1) (as amended 1985). The purpose of this regulation is to simplify the refund procedure when the tax paid exceeds tax liability. "Thus, rather than file a separate claim for refund, a taxpayer may use his tax return as the refund claim." *Simmons v. United States*, 29 Fed.Cl. 136, 139 (1993) (citations omitted); *see also* Rev.Rul. 54–469, 1954–2 C.B. 248. VTS's 1990 return, therefore, constitutes a refund claim even though VTS filed its 1990 return in 1994.

■ A taxpayer may also file an "informal claim." A written statement constitutes an informal claim if the statement informs the IRS of a specific amount and a basis for the refund. *United States v. Kales*, 314 U.S.

186, 195, 62 S.Ct. 214, 86 L.Ed. 132 (1941); *Estate of Hale v. United States*, 876 F.2d 1258, 1262 (6th Cir.1989); *Vandamme v. United States, Dept. of Treasury*, 1995 WL 452982, *3, 75 AFTR2d 95–2742 (E.D.Tenn.). Though a claim need not cite specific legal authority for a refund, a claim should set forth the grounds upon which the claim is based. *Estate of Hale* at 1262.

■ VTS's request for an extension of time in which to file its 1990 return, filed on Form 7000 and submitted simultaneously with VTS's $4,000.00 payment on March 18, 1991, however, does not constitute a refund claim. VTS's Form 7000 did not give the IRS notice of VTS's intention to seek a refund of all or part of the $4,000.00. *See Galuska v. C.I.R.*, 98 T.C. 661, 669, 1992 WL 137452 (1992), *aff'd* 5 F.3d 195 (7th Cir.1993). VTS, therefore, filed only one refund claim: the 1990 tax return filed October 26, 1994.

**c. Timeliness of Refund Claim**

■ I next determine whether VTS's refund claim was timely. Section 6511(a) requires a taxpayer to file a claim for refund of an overpayment within three years from the time the return is filed or within two years from the time the tax was paid, whichever period is longer. *See Richards v. Commissioner*, 37 F.3d 587, 589 (10th Cir .1994). Section 6511(a) states:

> Period of limitation on filing claim.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

I.R.C. § 6511(a) (1994 & 1997 Supp.).

At first blush it appears the 1990 return filed October 26, 1994 is timely. Courts are divided, however, on the issue whether a refund claim based on a delinquent return is timely. Some courts interpret strictly § 6511(a), holding that a refund claim based on a delinquent return is timely because the

refund claim is filed "within three years from the time the return is filed." *See Webb v. United States*, 66 F.3d 691, 700 (4th Cir. 1995); *accord Oropallo v. United States*, 994 F.2d 25, 31 n. 7 (1st Cir.1993); *Curry v. United States*, 774 F.2d 852, 855 (7th Cir. 1985); *Sy v.. United States*, 968 F.Supp. 345, 347 (E.D.Mich.1997); *Porter v. United States*, 919 F.Supp. 927, 931 (E.D.Va.1996); *Mills v. United States*, 805 F.Supp. 448, 450 (E.D.Tex.1992); Rev.Rul. 76–511, 1976–2 C.B. 428 (return filed more than three years after the due date was timely); Rev.Rul. 57–354, 1957–2 C.B. 913 (return filed more than two years but less than three years after the due date was timely).

Other courts interpret § 6511(a) differently, holding that the three-year limitation period of § 6511(a) applies only if the taxpayer files a timely tax return. *Miller v. United States*, 38 F.3d 473, 475 (9th Cir.1994); *accord Allen v. United States*, 439 F.Supp. 463, 464 (C.D.Cal.1977); *Swannack v. Internal Revenue Service*, 71A A.F.T.R.2d 93–4274, 1991 WL 330933, *1, 71A AFTR2d 93–4274 (W.D.Wash.). According to these courts, when a taxpayer fails to file a timely return, the two-year limitation applies and the taxpayer must file a refund claim within two years after the overpayment. Application of this rule would render VTS's claim untimely. In *Musser v. U.S., Commissioner of Internal Revenue*, 1991 WL 335505, 68 AFTR2d 91–5862 (D.Alaska), Chief Judge Holland resolved the differences among the courts as follows:

> As the Government points out there is a division of authority as to whether or not the three-year period in Section 6511 should be considered to run from the date of actual filing or from the date when a timely return should have been filed.

> \* \* \*

> This court holds that the three-year limitation period of Section 6511(a) would have applied if a timely tax return for 1984 had been filed. Since no such return was filed, the "2 years from the time the tax was paid" arm of Section 6511 is applicable to this case. That period expired April 15, 1987. Since this action plainly was not commenced within two years from the pay-

ment of taxes, plaintiff is barred from seeking a refund.

> While this result may appear harsh, it is necessary to accomplish the purpose of Section 6511: cutting off stale claims. If the phrase "the time the return is filed" did not refer to a timely return, there would be no effective limit, for a taxpayer could defer filing a return for years longer than plaintiff here and still have a timely suit.

*Musser* at \*1.

I am not persuaded, however, that the two year-limitation period of section 6511 applies when the taxpayer has failed to file a timely return. In 1958, Congress removed from section 6511 language requiring the timely filing of a return. Technical Amendments Act of 1958, P.L. 85–866, § 82(a), 72 Stat. 1606, 1663 (deleting from first sentence "required to be" following "3 years from the time the return was"); *see also* S.Rep. No. 85–1983 (1958) and Conf.Rep. No. 85–2632 (1958) *reprinted in* 1958 U.S.C.C.A.N. 4791.

Further, §§ 6511(b) and 6513(b)(2) limit § 6511(a) by preventing taxpayers from taking advantage of the ability to file a delinquent return. Section 6511(b) states, in part:

> If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

I.R.C. § 6511(b)(2)(A) (1994 & 1997 Supp.). A refund claim, whether in the form of a return or otherwise, filed more than three years after an overpayment will not yield recovery of that overpayment. Nor may taxpayers reward themselves by filing a delinquent return shortly after a late payment, for § 6513(b)(2) deems a taxpayer's late payment as paid on its actual due date:

> Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return).

I.R.C. § 6513(b)(2) (1994). Corporations using a calendar year pursuant to § 6012 shall file their returns on or before March 15. I.R.C. § 6072(b) (1994). The Code, therefore, does not reward a corporate taxpayer that tenders a late overpayment, for the overpayment is deemed to have been made on March 15 immediately following the tax year.

Under either interpretation of § 6511(a), the Code establishes a limitations period that will expire no later than three years after the return's due date. Of course, the IRS may extend the limitations period by granting the taxpayer extensions in which to file a return, but the IRS does so at its own peril. *See Weigand v. United States,* 760 F.2d 1072, 1073 (10th Cir.1985). With these protections intact, I see no reason to disregard the plain language of § 6511(a). *See Jones v. Liberty Glass Co.,* 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142, (1947), *reh'g denied* 333 U.S. 850, 68 S.Ct. 657, 92 L.Ed. 1132 (1948) (in the absence of some indication to the contrary, the court must assume that Congress intended courts to give the language of this section its ordinary meaning). I hold, therefore, that when a taxpayer files a delinquent return that also serves as a refund claim, the three-year limitations period of § 6511(a) may apply to determine whether the taxpayer is entitled to a refund. Of course, § 6511(a) requires application of the longest limitations period, which may or may not be the three-year limitations period depending on the facts of a given case.

VTS filed it 1990 return on October 26, 1994. Because VTS's delinquent return is also its refund claim, VTS has filed its refund claim within three years from the time the return was filed. I.R.C. § 6511(a).

The amount of VTS's refund or credit, however, "shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." I.R.C. § 6511(b)(2)(A). The IRS extended VTS's 1990 filing deadline six months, or up to and including September 15, 1991. The amount of VTS's credit or refund, accordingly, is limited to the amounts VTS paid within the three years and six months before October 26, 1994. The amount of VTS's credit or

refund is limited, therefore, to amounts VTS paid on or after April 26, 1991.

VTS's 1990 filing deadline was March 15, 1991. I.R.C. § 6072(b). Any amounts VTS paid to the IRS relating to tax year 1990 are deemed paid March 15, 1991. I.R.C. § 6513(b)(2). The $4,000.00 paid by VTS on March 18, 1991 is deemed paid, therefore, on March 15, 1991. It is undisputed that VTS did not pay any amounts relating to tax year 1990 on or after April 26, 1991. Thus, I conclude VTS failed to file a timely claim for a refund. Accordingly, the district court has no subject matter jurisdiction. *Dalm* 494 U.S. at 602.

## III. CODE SECTION 6651

VTS alleges that § 6651 excuses late filing of a refund claim "for good cause." Section 6651, however, does not affect the limitations periods established by § 6511. Section 6651 relates to a different issue: whether reasonable cause exists for excusing the assessment of a tax penalty against a taxpayer that files an untimely return. I.R.C. § 6651(a) (1997 Supp.). The IRS does not seek imposition of a tax penalty in this case and, therefore, § 6651 does not excuse the delinquency of VTS's refund claim.

## IV. ESTOPPEL

VTS argues that the IRS is equitably estopped from availing itself of the limitations period established by § 6511. VTS contends that the IRS notice disallowing VTS's refund claim misled VTS. The letter at issue states, in relevant part:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

You filed your tax return, showing an overpayment, more than three years after the date it was due. The law states you must file your return within three years from its due date in order to be eligible for a refund or credit of overpaid taxes reported on that return. We consider withheld tax, estimated tax, or earned income credit, shown as credits on a return, as paid on the due date of the return.

If you want to sue to recover tax, penalties, or other amounts, you may file a lawsuit with the United States District Court having jurisdiction or with the United States Claims Court. These courts are independent bodies and have no connection with the Internal Revenue Service.

The law permits you to do this within two years from the mailing date of this letter. If you decide to appeal our decision first, the two-year period still begins from the mailing date of this letter. However, if you signed an agreement that waived your right to notice of disallowance (Form 2297), the period for filing a lawsuit began on the date you filed the waiver.

If you have any questions about this letter, please write us at the address shown on this letter. If you prefer, you may call the IRS telephone number listed in your local director. An employee there may be able to help you, but the office at the address shown on this letter is most familiar with this case.

(Letter of 12/7/94, Decl. of Yoon in Supp. of Mot. Dismiss, Ex. E (the disallowance notice).) VTS contends that the disallowance notice erroneously informed VTS that it may file a lawsuit against the United States to obtain its refund within two years from the mailing date of the disallowance notice. The government responds that the disallowance notice informs taxpayers of their right to file a civil action within two years of the IRS's denial of a *timely* refund claim, rather than an untimely refund claim.

In *United States v. Brockamp,* 519 U.S. 347, ——–——, 117 S.Ct. 849, 850–853, 136 L.Ed.2d 818 (1997), the Supreme Court addressed whether courts may toll, for nonstatutory equitable reasons, the limitations periods established by § 6511. The Supreme Court concludes:

> Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together indicate to us that Congress did not intend courts to read other unmentioned, open-ended, "equitable" exceptions into the statute that it wrote. There are no counter-indications. Tax law, after all, is not normally characterized by case-spe-

cific exceptions reflecting individualized equities.

*Brockamp* 117 S.Ct. at 852; *accord Amoco Production Co. v. Newton Sheep Co.,* 85 F.3d 1464, 1470–1471 (10th Cir.1996) (Congress did not intend the equitable tolling doctrine to apply to the limitations periods established by § 6511). Although the doctrines of equitable tolling and equitable estoppel are distinct legal theories, *Cada v.. Baxter Healthcare Corp.,* 920 F.2d 446, 452 (7th Cir.1990), *Brockamp* proscribes all "equitable" exceptions to the limitations periods of section 6511. *See Beydoun v. United States,* 969 F.Supp. 283, 285 n. 5 (D.N.J.1997); *cf. Oropallo* at 31 (equitable tolling does not apply to § 6511(b)(2) because this section is a cap on permissible recovery amounts, analogous to a statute of repose and less susceptible to judicial exception than a statute of limitations.)

██ Even if the Supreme Court overstated its intended holding in *Brockamp,* VTS fails to demonstrate that the government should be estopped from asserting the limitations period. Equitable estoppel arises when the defendant has attempted to mislead the plaintiff and prevent the plaintiff from commencing its action in a timely manner. *Cada* at 452. Thus, equitable estoppel requires a showing of inequitable conduct on the part of the defendant. VTS, however, cannot show that the government acted in any manner that reasonably could have caused VTS to believe the limitations period had been extended. The limitations period expired before the government sent its disallowance notice to VTS. Moreover, the limitations period expired before VTS filed its 1990 return. I conclude, therefore, that the doctrine of equitable estoppel does not prevent the government from invoking the limitations period established by § 6511. *See Malonek v. United States,* 923 F.Supp. 1462, 1468–1469 (unreasonable, as a matter of law, for taxpayer to rely on representations concerning tolling or extending made after the limitations period expires). It was VTS's inaction, not the government's disallowance notice, that caused VTS to forfeit its 1990 refund.

Accordingly, I ORDER that:

1) Pursuant to Fed.R.Civ.P. 12(b)(1), this case is DISMISSED with prejudice; and

2) The government is awarded its costs.