M. Craig **SPIROFF** and Susan E. **Teubert**, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

No. 97–CV–75314–DT.

United States District Court, E.D. Michigan, Southern Division.

Jan. 27, 2000.

Cheryl M. Warren, Northville, MI, for plaintiffs.

Susan E. Teubert, Dearborn, MI, pro se.

Thomas W. Cole, Sixbey, Friedman, Falls Church, VA, Thomas P. Cole, Department of Justice, Tax Division, Washington, DC, Pamela J. Thompson, United States Attorney's Office, Detroit, MI, Lawrence G. Willcox, U.S. Department of Justice, Tax Division, Washington, DC, for Internal Revenue Service, Department of the Treasury, United States Attorney General, United States Attorney, defendants.

### OPINION AND ORDER

ZATKOFF, Chief Judge.

### I. INTRODUCTION

This matter is before the Court on plaintiffs' and defendant's Motion for Summary Judgment. Since neither party specified which rule their respective motion was based upon, the Court will treat both motions as though they were brought pursuant to Fed.R.Civ.P. 56 because they rely upon matters outside of the pleadings. Both parties responded to the respective motions and neither party replied. The Court finds that the parties have adequately set forth the relevant law and facts and oral argument would not aid in the disposition of the instant motion. *See* E.D. Mich. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the motions be decided on the briefs submitted. For the reasons set forth below, defendant's Motion for Summary Judgment is GRANTED and plaintiffs' motion for summary judgment is DENIED.

### II. BACKGROUND

In this case, plaintiffs allege that they are entitled to a tax refund of $9,853.36 for the tax year that ended on December 31, 1991. Plaintiffs' claim is based upon the following facts. Plaintiffs' tax return for tax year 1991 was due on April 15, 1992. Plaintiffs received an extension for filing this return until August 15, 1992. However, plaintiffs did not file their federal income tax return on August 15, 1992. Instead, plaintiffs waited until August 15, 1995, to mail their tax return for tax year 1991. This return revealed that plaintiffs had overpaid their taxes for tax year 1991 by $9,853.36. The government contends that this overpayment was entirely attributable to federal income tax withholdings and estimated tax payments for tax year 1991.

Plaintiffs' 1991 tax return was received by the IRS on August 18, 1995. Three months later, the Internal Revenue Service (IRS) advised plaintiffs by letter that they were not entitled to a credit or a refund for the overpayment of tax in tax year 1991. The IRS denied the refund because it was filed on August 18, 1995, which the IRS deemed three days late too late to receive a refund.

Plaintiffs admit in their brief to this Court that the last day they could obtain a refund for tax year 1991 was August 15, 1995. Plaintiffs contend that they relied upon IRS representations in believing that the return is deemed received on the date

it was postmarked. Therefore, plaintiffs believed that their return was deemed received on the date it was postmarked, August 15, 1995.

### III. STANDARD OF REVIEW

A motion for summary judgment under Fed.R.Civ.P. 56(b) is appropriate when the Plaintiff fails to state a claim upon which relief may be granted. Summary judgment is appropriate only if the answers to interrogatories, depositions, admissions and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. If the "evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505 (citations omitted).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *Moore v. Philip Morris Cos.,* 8 F.3d 335, 339–40 (6th Cir.1993).

### IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### A. The Timeliness of Plaintiffs' Request for a Refund

■ The first issue raised in the government's Motion for Summary Judgment is that plaintiffs' request for a refund was untimely. As a general rule, a return is considered filed on the date the return was received by the IRS. *Miller v. United States,* 784 F.2d 728, 730 (6th Cir.1986). Attached to the government's brief is a copy of plaintiffs' tax return for tax year 1991. The return has a date stamp on it, noting that it was received by the IRS on August 18, 1995. Therefore, plaintiffs' return for tax year 1991 was filed on August 18, 1995.

Section 6511(a) of the Internal Revenue Code provides for a period of limitation on the filing of a claim for a refund:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

Basically, "[s]ection 6511(a) requires a taxpayer to file a claim for refund of an overpayment within three years from the time the return is filed or within two years from the time the tax was paid, whichever period is longer." *Video Training Source, Inc. v. United States of America,* 991 F.Supp. 1256, 1260 (D.Colo.1998).

As previously discussed, plaintiffs return for tax year 1991 was due on August 15, 1992. However, the IRS did not receive plaintiffs refund until August 18, 1995. August 18, 1995 is also the date on which plaintiffs' claim for a refund was deemed filed. An individual income tax return constitutes a claim for refund for the amount of overpayment disclosed in the return. 26 C.F.R. § 301.6402–3(a)(5) "[f]or purposes of section 6511, such claim shall be considered as filed on the date on which such return (or amended return) is considered as filed." *Id.* Therefore, plaintiffs' claim for refund was made on August 18, 1995.

At this point, the Court would note that there is a split among jurisdictions as to the issue of whether a claim for a refund based upon a delinquent return is timely. Interpreting the language of § 6511(a) strictly, some courts have found that a claim for a refund based upon a late return is timely as long as it is filed within three years of the return. However, other courts have found that a return must be timely in order for a taxpayer to avail himself of the three year limitation period set forth in § 6511(a). For a discussion of this issue, see *Video Training Source,* 991 F.Supp. at 1260–61.

■ After reviewing the relevant authority, the Court finds that a claim for a refund may be predicated upon a delinquent return. In reaching this conclusion, the Court is greatly persuaded by the changes made to § 6511(a) in 1958. At this time, Congress removed the phrase "required to be," which followed the phrase "3 years from the time the return was." *Id.* at 1261 (citing Technical Amendments Act of 1958, P.L. 85–866, § 82(a), 72 Stat. 1606, 1663.) Such a change by Congress evidences an intent to allow for a return to be predicated upon a delinquent return.

Now that the Court has determined that plaintiffs' claim for a refund can be based upon a delinquent return, the next issue to consider is whether any other part of

§ 6511(b) bars plaintiffs' claim. Section 6511(b)(2)(A) places a limit upon a claim for refund filed within three years, stating:

> If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

Applying § 6511(b)(2)(A) to the present case, plaintiffs are entitled to a refund which cannot exceed the amount of tax paid during the three years immediately prior to the filing of the claim for a refund, plus any extensions given to plaintiff. Consequently, the Court finds that plaintiff can only recover the amount of tax paid after April 18, 1992. This is the date which is three years prior to the date plaintiffs filed their claim for a refund, which was August 18, 1995, plus the six month extension that was granted to plaintiffs.

■ In order to determine the amount of tax paid by plaintiffs during the relevant period, the Court relies upon § 6513(b)(1) and (2), which state that for purposes of § 6511:

> (1) Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

> (2) Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return un-

der section 6012 for such taxable year (determined without regard to any extension of time for filing such return). Accordingly, the taxes paid by plaintiff during tax year 1991 are considered under § 6513(b)(1) and (2) to have been paid on April 15, 1992. Therefore, none of the taxes paid by plaintiff during tax year 1991 can be applied to the amount provided for under the 3½ year lookback of § 6511(b)(2)(A). Further, the government asserts, and plaintiffs do not dispute, that plaintiffs made no tax payments attributable to tax year 1991 after April 15, 1992. Because the amount of taxes paid towards tax year 1991 during the period prescribed under § 6511(b)(2)(A) is zero, plaintiffs are not entitled to any refund for tax year 1991.

### B. Plaintiffs' Due Process Argument

■ Plaintiffs' complaint also has a cause of action against the government for violation of their due process rights. This claim is devoid of merit and may be quickly dismissed. Paragraph Three of Plaintiffs' First Amended Complaint states "Defendants represented that Plaintiffs [sic] claim for refund would be timely if filed within three years of **APRIL 15, 1992**, the due date of the 1991 Form 1040." Plaintiffs' First Amended Complaint, ¶ 3 (emphasis added). In the next paragraph, plaintiffs allege that "Defendants represented that a return mailed within the three year period, **described in paragraph three,** constitutes a timely filing." Plaintiffs' First Amended Complaint, ¶ 4 (emphasis added).

The Court finds that had plaintiffs mailed their return within three years of April 15, 1992, they would have received a return. This is because a return mailed within three years of April 15, 1992, would have undoubtedly been received by the IRS prior to August 15, 1995. Had this occurred, plaintiffs would have been able to avail themselves of the 3½ year lookback under § 6511(b)(2)(A) and been able to receive a refund up to the amount pre-

scribed in § 6511(b)(2)(A). Therefore, plaintiffs' claim for due process violations must fail.

### C. Plaintiffs' Claims for Equitable Estoppel and Fraudulent Misrepresentation

■ Plaintiffs' complaint also alleges claims of equitable estoppel and fraudulent misrepresentation. As with plaintiffs' other claims, both border on frivolous and may be quickly dismissed. In *Office of Personnel Management v. Richmond,* 496 U.S. 414, 416, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990), the Supreme Court was faced with a factual scenario similar to the present case:

> Not wishing to exceed a statutory limit on earnings that would disqualify him from a disability annuity, respondent Charles Richmond sought advice from a federal employee and received erroneous information. As a result he earned more than permitted by the eligibility requirements of the relevant statute and lost six months of benefits. Respondent now claims that the erroneous and unauthorized advice should give rise to equitable estoppel against the Government, and that we should order payment of the benefits contrary to the statutory terms. Even on the assumption that much equity subsists in respondent's claim, we cannot agree with him or the Court of Appeals that we have authority to order the payment he seeks.

The Court noted the futility of an estoppel case against the government, pointing out that they had "reversed every finding of estoppel [against the government] that we have reviewed," and that although "[s]ummary reversals of courts of appeals are unusual under any circumstances," the Court had resorted to this disposition an "extraordinary number" of times in cases upholding estoppel claims against the government. *Id.* at 422, 110 S.Ct. 2465. Although the Court stopped short of establishing a rule barring all claims of estoppel against the government, it did find that

"[t]he whole history and practice with respect to claims against the United States reveals the impossibility of an estoppel claim for money in violation of a statute." *Id.* at 430, 110 S.Ct. 2465. Consequently, plaintiffs' claim for equitable estoppel against the government must fail.

Finally, plaintiffs' claim for fraudulent misrepresentation is barred under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346(b) and 2680(h); *See also United States v. Neustadt,* 366 U.S. 696, 701, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); *Fitch v. United States,* 513 F.2d 1013, 1015 (6th Cir.1975).

## V. CONCLUSION

For the reasons discussed above, the government's Motion for Summary Judgment is GRANTED. Further, because the Court has granted the government's motion, plaintiffs' Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.