Emanuel WEISBART, Plaintiff–
Appellant,

v.

UNITED STATES DEPARTMENT OF
TREASURY and Internal Revenue
Service, Defendants–Appellees.

Docket No. 99–6134

United States Court of Appeals,
Second Circuit.

Argued June 22, 2000

Decided July 28, 2000

Emanuel Weisbart, East Hampton, New
York, Plaintiff–Appellant, pro se.

Kenneth W. Rosenberg, Attorney, Tax
Division, Department of Justice, (Loretta
C. Argrett, Assistant Attorney General,
Richard Farber, Attorney, Tax Division,
Department of Justice, Washington, D.C.,
on the brief; Loretta E. Lynch, United
States Attorney for the Eastern District of
New York, of counsel), for Defendants–
Appellees.

Before: MINER, McLAUGHLIN, and STRAUB, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Judge Learned Hand once described the Tax Code as a "fantastic labyrinth[ ]" whose words "merely dance before my eyes in a meaningless procession: cross-reference to cross-reference, exception upon exception...." Learned Hand, *Thomas Walter Swan*, 57 Yale L.J. 167, 169 (1947). Like Theseus of old we are compelled to enter this labyrinth—but without his ball of thread.

Emanuel Weisbart's 1991 income tax return was due on April 15, 1992, but he obtained an automatic extension until August 17, 1992. Despite the extension, Weisbart did not file his return by the August 1992 deadline. Tarrying three years, he mailed his 1991 return to the IRS on August 17, 1995. The tax return was submitted on the customary Form 1040 and included a refund claim for $4,867 from the $12,477 in taxes that had been previously withheld from Weisbart's 1991 wages. The IRS received the return on August 21, 1995.

The IRS denied Weisbart's refund claim, taking the position that it had been filed too late. On August 16, 1997, Weisbart sent the IRS a letter reasserting his original refund claim for $4,867, and, indeed, claiming for the first time an additional $700 refund. (According to Weisbart, the additional $700 represented a refund due for real estate tax deductions that he omitted from his 1991 return). The IRS denied both of Weisbart's claims.

Weisbart brought an administrative appeal, which was also denied. Then, in October 1997, Weisbart filed a *pro se* refund action in the United States District Court for the Eastern District of New York (Sifton, *J.*). He sought both the original $4,867 refund, plus the $700. The IRS moved for summary judgment, arguing that Weisbart's refund claims were barred by 26 U.S.C. § 6511(b)(2)(A). The district court agreed and granted the Service's motion. Weisbart now appeals.

## DISCUSSION

### A. *Jurisdiction*

As a threshold matter, we must consider whether the district court properly exercised jurisdiction over Weisbart's refund claim.

Although ordinarily immune from suit as sovereign, the United States has broadly consented to being sued by taxpayers in the district courts for the refund of "any sum [of federal tax] alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346; *see United States v. Forma*, 42 F.3d 759, 763 (2d Cir.1994). There are, however, strict conditions attached to that consent. *See Forma*, 42 F.3d at 763; *United States v. Dalm*, 494 U.S. 596, 601–02, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *Rosenbluth Trading, Inc. v. United States*, 736 F.2d 43, 47 (2d Cir.1984).

The specific jurisdictional limitation at issue here is 26 U.S.C. § 6511(a). That subsection establishes three alternative filing deadlines for refund claims; one such deadline gives the taxpayer 3 years to file a refund claim, while the others give 2 years. Section 6511(a) provides that a refund claim is timely if filed:

[1] within 3 years from the time the return was filed or [2] 2 years from the time the tax was paid, whichever of such periods expires the later, or [3] if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Here, it is undisputed that Weisbart did not file his refund claim within "2 years from the time [his] tax was paid," so both the second and third deadlines are unhelpful to him. *Id.* Nevertheless, Weisbart did file a tax return for the 1991 year and also filed his refund claim "within 3 years from the time [that] return was filed" as seemingly required by section 6511(a)'s 3–year deadline. *Id.* The sticking point is that

Weisbart's 1991 tax return was untimely filed. And in *Miller v. United States*, 38 F.3d 473, 475 (9th Cir.1994), the Ninth Circuit squarely held that to satisfy section 6511(a)'s 3–year deadline for a refund, a taxpayer must have *timely* filed a tax return.

■ Surprisingly, in its brief on this appeal, the IRS requests that we decline to follow *Miller*. The Service concedes that section 6511(a) gave Weisbart 3 years from the filing of his tax return to file his refund claim, even though the return itself was untimely. The IRS cites its 1976 Revenue Ruling on this subject, which instructs that to be timely under section 6511(a), a refund claim need only be filed within 3 years of the filing of a tax return, *irrespective of the timeliness of that return*. *See* Rev. Rul. 76–511, 1976–2 C.B. 428. These concessions, however, do not relieve us of our independent obligation to determine whether the jurisdictional requirements of section 6511(a) are met. *See Rosenbluth Trading*, 736 F.2d at 47. After reviewing the pertinent authorities, we are satisfied that those requirements have indeed been met.

As already noted, *Miller* held that in order to satisfy the 3–year deadline imposed by section 6511(a), a taxpayer must have timely filed a tax return. *See id.*, 38 F.3d at 475. The court reasoned that such a reading was compelled by "the statutory insistence that a claim be filed within two years after the payment of the taxes 'if no return was filed by the taxpayer.'" *Id.* (quoting 26 U.S.C. § 6511(a)). Equating the failure to file a timely return to the filing of no return, the *Miller* court concluded that in the absence of a timely return, it was necessary for the taxpayer to satisfy the 2–years–from–payment deadline established by section 6511(a). *See id.* Acceding to the IRS's request, we decline to follow *Miller*.

■ Before 1958, a taxpayer clearly had to timely file a tax return to take advantage of the 3–year deadline of section 6511(a). *See* Technical Amendments Act of 1958, Pub.L. No. 85–866, § 82(a), 72 Stat. 1606, 1663. In contrast, however, the IRS enjoyed 3 years to audit a return, and this 3 years began to run "from the date the return *was actually filed, whether or not filed when it was due.*" S.Rep. No. 85–1983 (1958) and H.R. Conf. Rep. No. 85–2632 (1958), *reprinted in* 1958 U.S.C.C.A.N. 4791, 4887 (emphasis added). Congress leveled the playing field in 1958, by jettisoning the requirement that a return had to be filed on time as a prerequisite to recovering a refund in the ensuing 3 years. *See id.* As a result, contrary to the *Miller* court's holding, a timely filed return is no longer required in order to satisfy the 3–year deadline of section 6511(a).

Almost all the courts addressing this issue have accepted this proposition. *See Webb v. United States*, 66 F.3d 691, 700 (4th Cir.1995) (quoting *Oropallo v. United States*, 994 F.2d 25, 30 n. 7, 31 (1st Cir. 1993)); *Curry v. United States*, 774 F.2d 852, 855 (7th Cir.1985); *Video Training Source, Inc. v. United States*, 991 F.Supp. 1256, 1260 (D.Colo.1998); *Porter v. United States*, 919 F.Supp. 927, 931 (E.D.Va.1996); *Sy v. United States*, 968 F.Supp. 345, 347 (E.D.Mich.1997); *Mills v. United States*, 805 F.Supp. 448, 450 (E.D.Tex.1992).

There is an anomaly here, as the First Circuit has noted: reading section 6511(a) to dispense with the requirement of a timely return renders its time limitations largely "illusory." *Oropallo*, 994 F.2d at 30. Indeed, so read, section 6511(a) would allow "a taxpayer to file a tax return 40 years late *and* still have 3 additional years in which to file a claim for refund." *Id.* (internal quotation marks and citation omitted). Admittedly, this is counter-intuitive. Nevertheless, this construction makes sense: a central aim of section 6511(a) is not to bar stale refund claims, but to ensure that a taxpayer give the IRS notice of such claims before suing in federal court. *Cf. Ahmed v. United States*, 147 F.3d 791, 796 (8th Cir.1998) (discussing 26

U.S.C. § 7422); *Beckwith Realty, Inc. v. United States*, 896 F.2d 860, 862–63 (4th Cir.1990) (same). This gives the IRS in the first instance a chance to correct claimed errors and, if disagreement persists, to limit the litigation to the issues which have been re-examined by the Service and which it is prepared to defend. *See Beckwith Realty*, 896 F.2d at 862–63.[1]

Turning to the particulars of the instant case, Weisbart succeeded in filing his refund claim within 3 years of the filing of his return. True, Weisbart filed no independent claim for a refund. However, Treasury Regulation § 301.6402–3(a)(5) provides that where an individual files a tax return disclosing an overpayment, that return itself "shall constitute a claim for refund ... within the meaning of ... section 6511." Under this regulation, Weisbart's 1991 tax return disclosed an overpayment, and therefore constituted a refund claim. And since the tax return and refund claim were in the same document, and were necessarily filed simultaneously, Weisbart's refund claim was clearly filed "within 3 years from the time the return was filed." 26 U.S.C. § 6511(a).

The district court properly exercised jurisdiction over Weisbart's refund suit under the 3–year deadline established by section 6511(a).

**B.** *The "Look Back" Provisions of Section 6511(b)*

The Tax Code was obviously not set up to indulge the dilatory. Thus, while the time limitations imposed by section 6511(a) may seem "illusory," a taxpayer is prevented from recovering on a stale refund claim by the quantitative "look back" provisions of section 6511(b). That section provides in pertinent part:

> If the [refund] claim was filed by the taxpayer during the 3–year period prescribed in [6511(a)], the amount of the

... refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(A). This IRS jargon means that a taxpayer can recover a refund of an overpayment, only if that overpayment was part of the taxes paid during the last 3 years plus the period of any extension.

Here, the taxes withheld from Weisbart's wages during 1991 were by statute deemed paid on April 15, 1992. *See* 26 U.S.C. § 6513(b)(1). However, Weisbart received an extension of 4 months from the IRS, until August 17, 1992. Thus, the "look back" period prescribed by section 6511(b)(2)(A) is 3 years and 4 months. The IRS concedes that 3 years and 4 months from April 15, 1992 (the date Weisbart is deemed to have paid his taxes) is August 17, 1995. The Service also admits that if Weisbart's refund claim is deemed to have been filed on August 17, 1995, he would be entitled to his refund under section 6511(b)(2)(A). The question thus distills to whether Weisbart's refund claim—mailed on August 17, 1995, but not received by the IRS until August 21, 1995—was nevertheless *filed* on August 17, 1995. We hold that it was.

The Tax Code has a mailbox rule, which provides that a submission is deemed filed on the date it is postmarked, rather than the date it is received by the IRS. *See* 26 U.S.C. § 7502. Section 7502(a)(2)(A) states, however, that the mailbox rule applies only if the postmark date falls on or before the "prescribed date for the filing" of the submission.

■ The submission at issue here is Weisbart's claim for a refund. As already noted, however, that claim was incorporated in Weisbart's untimely 1991 tax return which Weisbart did not mail until August

---

1. As discussed *infra*, the bar that prevents taxpayers from taking advantage of the ability to file an untimely return is not section 6511(a), but the "look back" provisions of section 6511(b). *See Video Training*, 991 F.Supp. at 1260–61 (citing cases).

17, 1995, three years after the "prescribed date for [its] filing." 26 U.S.C. § 7502(a)(2)(A). The Service argues, and the district court held, that the "prescribed" period applicable to Weisbart's tax return should also apply to the refund claim. Applying this construction, Weisbart's refund claim would not enjoy the benefit of the mailbox rule, and would therefore be barred.

The IRS's argument is contradicted by its own regulations. Treasury Regulation § 301.6402–3(a)(5) provides that:

> For purposes of section 6511, [a refund] claim shall be considered as filed on the date on which such return (or amended return) is considered as filed, *except that if the requirements of § 301.7502–1, relating to timely mailing treated as timely filing are met, the claim shall be considered to be filed on the date of the postmark stamped on the cover in which the return (or amended return) was mailed.*

(emphasis added). And the cross referenced Regulation § 301.7502–1 provides:

> [A] return may constitute a claim for refund or credit. In such a case, section 7502 is applicable to the claim for refund or credit if the conditions of such section are met, irrespective of whether the claim is also a return.

Taken together, these two Treasury Regulations provide that the applicability of the mailbox rule to the refund claim should be analyzed independently of the timeliness of the tax return itself, regardless of whether they are in the same document. *See Anderson v. United States,* 746 F.Supp. 15, 18 (E.D.Wash.1990) (holding that although the "return *qua* return" was untimely, "the return *qua* claim for refund" was timely), *aff'd,* 966 F.2d 487 (9th Cir.1992). As such, even though Weisbart's tax return was untimely filed, his refund claim enjoys the benefit of the mailbox rule, and is deemed filed on August 17, 1995. Because that date is within 3 years of the date when Weisbart is deemed to have paid his withheld employment taxes,

he may recover any overpayment included in those taxes under the look back provisions of section 6511(b)(2)(A).

## C. *The IRS's Alternative Argument*

The IRS proffers an alternative basis to dispose of Weisbart's claim, one not relied on by the district court. The IRS claims that even assuming Weisbart's refund claim is properly deemed filed on August 17, 1995 for purposes of section 6511(b)(2)(A), it must nevertheless be dismissed under the jurisdictional provisions of section 6511(a).

█ Unsurprisingly, the infrastructure girding the IRS's alternative argument is arabesque. As already noted, under the third deadline established by section 6511(a) "if no return was filed by the taxpayer," then the refund claim must be filed "within 2 years from the time the tax was paid." Under the IRS's literal reading of this provision, the use of the past tense "*was* filed" compels the conclusion that the return must be filed *before* the refund claim. And here, the IRS maintains, no return "*was* filed" before Weisbart filed his refund claim on August 17, 1995, because the tax return itself was not actually filed with the IRS until August 21, 1995. Thus, applying the 2–year–from–payment deadline, Weisbart loses because his refund claim was not filed within 2 years from the time the tax was paid.

We reject the IRS's alternative argument. Initially, we note that although section 6511(a) has been on the books in its current form since 1958, no case cited by the IRS, nor any uncovered by independent research, has adopted this interpretation. Indeed, we question whether the Service has thoroughly considered the possible implications of our accepting its alternative argument. True, the Service would prevail over Weisbart. But that victory would be irreconcilable with the Service's advisory position on this subject, as well as its own regulations.

Essentially, under the IRS's alternative argument, only refund claims filed *after* a tax return would enjoy the 3–year deadline of section 6511(a). As such, any refund claim embedded in a tax return filed more than 2 years after a tax payment would be untimely. But this reading of section 6511(a) is squarely at odds with the Service's own 1976 Revenue Ruling on this subject. *See* Rev. Rul. 76–511, 1976–2 C.B. 428. In that Ruling, the IRS addressed a situation where a taxpayer's refund claim was embedded in his tax return and was filed more than 2 years after the taxes were paid. Even though the tax return was filed simultaneously with the refund claim (rather than before it as would be necessary under the IRS's interpretation), the Revenue Ruling concluded that it was timely for purposes of section 6511(a). And it reached that conclusion without the slightest suggestion that the statutory language "was filed" mandates the filing of the return before the claim. *See id.*

■■ In this Circuit, a Revenue Ruling is "entitled to great deference." *Texasgulf, Inc. & Subs. v. Commissioner,* 172 F.3d 209, 217 (2d Cir.1999) (citations omitted). It is regarded as representing "the official IRS position on application of tax law to specific facts," and is presumed to have "the force of legal precedent unless unreasonable or inconsistent with the provisions of the Internal Revenue Code." *Gillespie v. United States,* 23 F.3d 36, 39 (2d Cir.1994) (citations and internal quotation marks omitted).

Revenue Ruling 76–511 is obviously neither unreasonable, nor inconsistent with the Tax Code. Indeed, on this appeal, the Service has failed to suggest any rationale whatsoever as to why it is preferable for a tax return to be received before (rather than at the same time as) the associated refund claim. Nor does any such rationale occur to us. To the contrary, Treasury Regulation § 301.6402–3(a)(5) expressly allows refund claims to be embedded in a tax return and thus filed simultaneously.

Moreover, Regulation § 301.7502–1—providing that timely mailing will be treated as timely filing—assumes that a taxpayer can indeed file a simultaneous refund claim without adverse consequence. And in contrast to the Service's position here, the rationale for this permissive regulatory regime is self-evident: it promotes efficiency by cutting down on the Service's inevitable paper shuffle.

In sum, the IRS's alternative argument: (1) conflicts with its own Revenue Ruling on this subject; (2) is inconsistent with its own regulations; and (3) is unsupported by any articulated or apparent rationale. It is not without significance that the IRS as an institution has now abandoned the similarly literal argument that was adopted by the *Miller* court. We decline to adopt the Service's alternative argument in the circumstances of this case.

D. *The $700*

Weisbart complains that he inadvertently omitted a deduction for real estate taxes paid on his 1991 return, and that, had he included that deduction, he would have been entitled to an additional $700 refund. Standing alone, this additional refund claim was not presented to the IRS until August 1997—more than 3 years and 4 months after Weisbart paid his 1991 taxes. As such, it is barred by the "look back" provision of section 6511(b)(2)(A). Weisbart argues, however, that the $700 claim should relate back to his original refund claim. We disagree.

Treasury Regulation § 301.6402–2(b)(1) provides in pertinent part:

No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period.

Under this regulation, "[a] claim seeking refund upon one asserted fact situation may not be amended out of time so as to require an investigation of matters not germane to the original claim." *Sapping-*

ton v. United States, 408 F.2d 817, 819 (4th Cir.1969); see, e.g., Mutual Assurance, Inc. v. United States, 56 F.3d 1353, 1356 (11th Cir.1995) (allowing amended claim to relate back because "the amendment asserted the same ground for relief as the original claim") (relying on Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 33, 53 S.Ct. 454, 77 L.Ed. 1011 (1933)); see also Pink v. United States, 105 F.2d 183, 187 (2d Cir.1939) ("Where the facts upon which the amendment is based would necessarily have been ascertained by the commissioner in determining the merits of the original claim, the amendment is proper."); Favell v. United States, 22 Cl.Ct. 571, 579 (Cl.Ct.1991) ("[A] taxpayer cannot amend his refund claim, with an informal refund claim or otherwise, to set forth a new ground for refund not asserted in the original claim after the statute of limitations has expired.").

■ Applying these principles to the instant case, Weisbart cannot recover the additional $700. His amended claim for that amount is based on an entirely different ground (i.e., refund for paid real estate taxes), than was his original claim (i.e., refund for withheld payroll taxes). Weisbart claims that the IRS should have deduced that he was entitled to the $700 refund from his returns for the previous five years, 1986 through 1990, in which he had always claimed a virtually identical real estate tax deduction. But this argument is utterly devoid of legal support. The Service is not expected to be Sherlock Holmes. Weisbart's belated claim for $700 is barred by 26 U.S.C. § 6511(b)(2)(A).

## CONCLUSION

We AFFIRM the district court's rejection of Weisbart's additional claim for $700. The order of the district court dismissing Weisbart's claim for a $4,867 refund is REVERSED. This case is REMANDED for further proceedings.