# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3917EM

_____

| | | |
|---|---|---|
| Faye Anastasoff, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Eastern District |
| | * | of Missouri. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 28, 2000

Filed:   December 18, 2000

_____

Before WOLLMAN, Chief Judge, HEANEY, McMILLIAN, RICHARD S. ARNOLD, BOWMAN, BEAM, LOKEN, HANSEN, MORRIS SHEPPARD ARNOLD, MURPHY,  and BYE, Circuit Judges, <u>en banc</u>.

_____

RICHARD S. ARNOLD, Circuit Judge.


This is a tax case.  The appellant, Faye Anastasoff, filed suit for a refund in the claimed amount of $6,436.00.  The United States asserted that the plaintiff's claim for a refund had been untimely.  The District Court agreed, and we affirmed.  <u>Anastasoff v. United States</u>, 223 F.3d 898 (8th Cir. 2000).

The panel of this Court that initially heard the case held that the administrative claim for refund was not timely. This position, which was urged upon us by the government, depended upon interpretation of the relevant statutes, including §§ 6511(b)(2) and 7502(a) of the Internal Revenue Code. The United States cited to the panel an unpublished opinion of this Court, Christie v. United States, No. 91-2375MN (8th Cir., March 20, 1992) (per curiam). The panel held itself bound by Christie, believing that our local Rule 28A(i), which specified that unpublished opinions have no precedential effect, was unconstitutional, as purporting to confer upon the courts a power that went beyond the "judicial," within the meaning of Article III of the Constitution.

While the case was under advisement by the panel, the Second Circuit decided Weisbart v. United States, 222 F.3d 93 (2000), which was in direct conflict with Christie. Our panel, believing itself bound by Christie as authoritative in-Circuit precedent, noted Weisbart, but considered itself without authority to decide whether the Weisbart rule was preferable to the rule of Christie. That decision, the panel thought, would be only for the Court en banc, which, unlike panels, does have the authority to overrule previous opinions.

The taxpayer then filed a petition for rehearing en banc, asserting that the panel's constitutional holding was in error, and that, on the merits, this Court should abandon Christie. In response to the petition for rehearing en banc, the United States informed us that it intended to pay the taxpayer's claim in full, with interest at the statutory rate. Accordingly, the government argued, the case had become moot and should be dismissed on that ground. Thereafter, the government did two more things that are relevant. First, it did in fact pay the plaintiff taxpayer the full amount of her claim, with interest, in the total sum of $11,437.32. Second, the Internal Revenue Service issued a document styled Action on Decision, AOD 2000-09, 2000 WL 1711554 (Nov. 13, 2000). This AOD announces the acquiescence of the Internal Revenue Service in the

rule of <u>Weisbart</u>, and, necessarily therefore, the Service's abandonment of its previous position based on <u>Christie</u>.

Has the case become moot by reason of these events subsequent to the filing of the panel opinion? The taxpayer says no. In her view, the case is not moot for two main reasons. First, the issue of the status of unpublished opinions is of great importance to the bar and bench. Second, the taxpayer claims that she is entitled to an award of attorneys' fees under 26 U.S.C. § 7430, a claim that has not yet been decided, and that the existence of this claim, which presumably the government will dispute, prevents the case from becoming moot.

We think that the case is moot, as argued by the government. There is no longer any dispute over whether the taxpayer will get her money. She has received it in full. Nor is there any dispute over whether <u>Weisbart</u> or <u>Christie</u> is a correct interpretation of the Internal Revenue Code. The government now unequivocally adopts the <u>Weisbart</u> rule. The controversy over the status of unpublished opinions is, to be sure, of great interest and importance, but this sort of factor will not save a case from becoming moot. We sit to decide cases, not issues, and whether unpublished opinions have precedential effect no longer has any relevance for the decision of this tax-refund case.

The case in this Court closest in point appears to be <u>National Bank of Commerce v. United States</u>, 775 F.2d 1050 (8th Cir. 1985). That was a case in which a bank contested a tax levy served upon it by the United States. This Court's decision was reversed by the Supreme Court, and the case remanded to us for further consideration. On remand, we were informed that the tax in question had been fully collected. We then held that the case was moot, and that it was not necessary for us to decide the remaining issue on which the Supreme Court had remanded to us. We vacated the judgment below and remanded to the District Court with instructions to dismiss the complaint as moot. The previous judgment and opinion of this Court, having already been reversed by the Supreme Court, did not need to be vacated.

Here, the case having become moot, the appropriate and customary treatment is to vacate our previous opinion and judgment, remand to the District Court, and direct that Court to vacate its judgment as moot. We now take exactly that action. The constitutionality of that portion of Rule 28A(i) which says that unpublished opinions have no precedential effect remains an open question in this Circuit. The taxpayer may assert her claim for attorneys' fees in the District Court. This claim, as we understand it, will be based upon the conduct of the government through this whole litigation, plus the fact that the taxpayer has, ultimately, prevailed. The claim for attorneys' fees will not depend on whether unpublished opinions have precedential effect, or on whether Christie or Weisbart states the correct rule. The government has conceded the latter issue, and the former question came into the case only because of the government's citation of Christie.

The petition for rehearing en banc is granted. The judgment and opinion of our panel are vacated. The case is remanded to the District Court for further proceedings consistent with this opinion, including the vacation of its prior judgment on the merits and a ruling on taxpayer's claim for attorneys' fees.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-