# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1980WA

_____

Kurt Rogerson,                                        *
                                                      *
             Appellant,                               *
                                                      *   On Appeal from the United
     v.                                               *   States District Court
                                                      *   for the Western District
                                                      *   of Arkansas.
Hot Springs Advertising and Promotion                 *
Commission and Charles Rixse,                         *
                                                      *
             Appellees.                               *

_____

Submitted:  December 11, 2000
Filed:  February 6, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and HANSEN, Circuit
    Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


     This civil-rights action requires us to decide a point of Arkansas contract law.
Kurt Rogerson was discharged from his public employment as Director of the Hot
Springs Convention and Visitors Center.  He brought suit against his employer and his
supervisor under 42 U.S.C. § 1983, claiming that his discharge was a breach of
contract and violated his constitutional rights by depriving him of his employment

without due process of law. The District Court[1] granted summary judgment to the defendants, holding that Mr. Rogerson was an at-will employee under Arkansas law and therefore had no constitutionally protected entitlement to his position. Mr. Rogerson appeals, and we affirm.

I.

The following facts are not disputed. Shortly after Mr. Rogerson was offered the position of Director, the Executive Director of the Commission, Don Raulie, sent him a letter to "confirm the details of our agreement regarding your acceptance of the position . . .." The first category of details, set forth in a bulleted list and headed "<u>Compensation</u>," began with the following provisions:

- Your annual salary will be $43,000.

- Upon satisfactory completion of six months service, your annual salary will be increased to $45,000.

The letter did not explicitly specify the duration of Mr. Rogerson's employment.

Mr. Rogerson relocated to the Hot Springs area and assumed his duties as director. Within three months, he was fired. Although there was deposition testimony that the Commission's members knew and approved of this action, no formal vote was taken, and Mr. Rogerson did not receive a hearing. Supervisor Charles Rixse testified that Mr. Rogerson's employment was terminated because of "numerous" complaints from members of the community and because of poor performance. When questioned,

---

[1]The Hon. Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

however, Mr. Rixse could not recount any specific complaints about Mr. Rogerson from members of the community.

II.

In order for Mr. Rogerson to prevail in his § 1983 action, he must show that the Commission's actions deprived him of a right, privilege, or immunity secured to him by federal law. His theory of the case is that the Commission's failure to vote on his termination or to provide him with a pre- or post-termination hearing amounted to a deprivation of property without due process of law, in violation of the Fourteenth Amendment. That theory can succeed only if Arkansas law gave him a "legitimate claim of entitlement" to his employment. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1971). An at-will employee has no property interest in his employment for Fourteenth Amendment purposes. See Singleton v. Cecil, 176 F.3d 419, 421-22 (8th Cir.), cert. denied, 528 U.S. 966 (1999). Thus, if the District Court correctly held that Mr. Rogerson's employment was at-will, then we must affirm.

The general rule in Arkansas is that either party to an employment relationship may terminate that relationship at-will. Ball v. Ark. Dept. of Community Punishment, 340 Ark. 424, 429-30, 10 S.W.3d 873, 876 (2000). Mr. Rogerson claims that he falls within an exception to that rule because he had a contract of employment for a specified term. See Ball, 340 Ark. 424, 430, 10 S.W.3d at 877 (describing exceptions). In support of this claim, he points to the above-quoted letter sent to him by Mr. Raulie. He argues that the clause of the letter providing for a salary increase "upon satisfactory completion of six months service" expresses the intent of the parties that he would remain employed by the Commission for at least six months.

Like the District Court, we find this reading of the letter somewhat strained, and we believe that an Arkansas court would reject it. Parallel clauses in the same bulleted list read as follows:

-3-

- You will be eligible for two weeks paid vacation following the completion of twelve months employment.

*     *     *

- You will be eligible for sick leave after completion of ninety days of employment.

Apart from the additional requirement of satisfactory performance, the clause on which Mr. Rogerson relies resembles these. Thus, if we consistently applied Mr. Rogerson's interpretation, it would follow that he had a contract for three different terms of employment: one for ninety days, one for six months, and one for a year. Absent controlling state precedent, we cannot accept that result. Instead, we think that the clauses are most naturally understood as conditional: i.e., they state that *if* a given term of employment is completed, then a corresponding benefit will accrue.

The question is one of Arkansas law, however, and if controlling state precedent exists, then our own views are of little importance. Mr. Rogerson relied below on an unpublished opinion of the Arkansas Court of Appeals, Bonds II, Inc., v. Bratton, 1991 WL 231255 (Ark. App. 1991). The District Court refused even to consider this authority, citing Arkansas Supreme Court Rule 5-2, which states that unpublished Court of Appeals opinions "shall not be cited, quoted or referred to by any court or in any argument, brief, or other materials presented to any court . . .." We disagree with the District Court's implicit suggestion that the Arkansas Supreme Court can dictate which cases are or are not to be cited in a court of the United States. Still, Rule 5-2 does show that an Arkansas court would not consider the Bratton case controlling.

However that may be, we decide Mr. Rogerson's appeal without deciding whether the District Court ought to have considered Bratton.[2] For even if the case

---

[2]We have no occasion here to apply the specific rationale of Anastasoff v. United States, 223 F.3d 898, vacated on reh'g en banc, – F.3d – , 2000 WL 1863092 (8th Cir.

carried full precedential force, it would not help Mr. Rogerson. In that case, as here, terms of employment were set forth on the employer's letterhead. As here, the memorandum of agreement included a clause providing for a possible salary increase after six months. The <u>Bratton</u> court did construe that clause as creating a six-month trial period during which Mr. Bratton would not be an at-will employee. But compare the clauses from Mr. Raulie's memorandum with the following passage from the letter in <u>Bratton</u>:

> At the end of six months of employment, both parties shall evaluate the future of such employment. If it is agreed that same is to continue, salary shall be increased to $36,000.

1991 WL 231255 at *1. The language just quoted unconditionally states that both parties "shall" evaluate their relationship at the end of six months' employment. The Arkansas courts read this statement as presupposing that the relationship would continue until the time when it was scheduled to be evaluated. The relevant clauses of Mr. Raulie's letter, in contrast, do not unconditionally state that the parties "shall" participate in any future event that would presuppose Mr. Rogerson's continued employment. The letter does say that the annual salary "will" go up after six months, but the employee's work during this period must be "satisfactory," and in an at-will jurisdiction the employer decides what is "satisfactory." Given that dissimilarity, <u>Bratton</u> does not persuade us that Mr. Rogerson had a six-month employment contract under Arkansas law. We therefore agree with the District Court that he was an at-will employee, and that the injury he alleges is not cognizable under § 1983.

---

2000), which held a similar Eighth Circuit rule unconstitutional. That decision rested on an interpretation of the "judicial power of the United States," whose limits are set by Article III of the United States Constitution. The parties have not briefed the issue of whether Rule 5-2 violates the Arkansas Constitution, see Ark. Const. of 1874, art. IV. § 2 (separation-of-powers provision), and for reasons of comity, among others, we are disinclined to raise the issue on our own motion.

III.

For the reasons stated, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.