# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2973

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * Appeal from the United States |
| | * District Court for the |
| v. | * Northern District of Iowa. |
| | * |
| Randy Lee McClean, | * [UNPUBLISHED] |
| | * |
| Appellant. | * |

_____

Submitted: September 11, 2001

Filed: October 10, 2001

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

PER CURIAM.

Randy McClean, a manufactured-home dealer, was charged with three counts
of wire fraud. See 18 U.S.C. § 1343 (1994). A jury convicted McClean of two of the
counts and the District Court[1] sentenced McClean to serve concurrent twenty-seven
month sentences, to make restitution, and to pay a special assessment. On appeal,
McClean raises issues regarding the sufficiency of the evidence, the determination of

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the
Northern District of Iowa.

loss, and his sentence. Having reviewed the record and the arguments of both parties, we reject McClean's arguments and affirm the District Court.

McClean argues that the government did not introduce sufficient evidence of his intent to commit wire fraud. When addressing a sufficiency-of-the-evidence claim, we review the evidence in the light most favorable to the verdict and reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Rounsavall, 115 F.3d 561, 565 (8th Cir.), cert. denied, 522 U.S. 903 (1997). The government's evidence showed that McClean admitted that he deceived interested business associates with false statements made by telephone and facsimile and that McClean knew that he put these associates at financial risk. Although McClean stated that he intended to repay the parties in his business transactions who suffered losses and that he intended no harm, the jury was free to disbelieve him. See United States v. Ervasti, 201 F.3d 1029, 1037 (8th Cir. 2000). We hold the evidence was sufficient for a reasonable jury to find guilt.

With regard to his sentence, McClean argues that the District Court erred in determining the amount of the monetary loss he caused. We review the District Court's interpretation and application of the sentencing guidelines de novo and the District Court's factual findings for clear error. United States v. Oligmueller, 198 F.3d 669, 671 (8th Cir. 1999). The District Court calculated the loss caused by McClean by examining the losses incurred by two victims of his fraud—a building supply company (Wick Building Systems) and a bank (Green Tree Financial Corporation). These losses included unpaid loan guaranties and unpaid reimbursement for home sales. Sentencing McClean in accordance with U.S.S.G. § 2F1.1, the District Court found—relying on the presentence investigation report and evidence at the sentencing hearing—that the amount of loss was in the range of $500,000 to $800,000. The District Court's finding is supported by the record and is not clearly erroneous.

Finally, McClean argues that his twenty-seven month sentence violates the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). We note that <u>Apprendi</u> dealt with a non-jury factual determination that was used as a basis for a sentence in excess of the statutory maximum sentence. <u>Id.</u> at 491-95. Because McClean's sentence was less than the statutory maximum for wire fraud (five years), <u>Apprendi</u> does not apply. <u>See</u> <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 933-34 (8th Cir.), <u>cert. denied</u>, 531 U.S. 1026 (2000).[2]

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We note that the Appellee cited an unpublished opinion in its brief. The citation was appropriate when it was offered, because at that time <u>Anastasoff</u>, which proved to be short-lived, was the law of the Circuit. <u>See</u> <u>Anastasoff v. United States</u>, 223 F.3d 898 (8th Cir.), <u>vacated as moot</u>, <u>Anastasoff v. United States</u>, 235 F.3d 1054 (8th Cir. 2000) (en banc). We note the Rules of the Eighth Circuit currently bar the citation of unpublished opinions. <u>See</u> 8th Cir. R. 28A(i).