Andrew M. and Linda J. D'AVANZO,
Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 00–7761.

United States Court of Federal Claims.

Oct. 23, 2002.

Andrew M. D'Avanzo and Linda J. D'Avanzo, pro se, Wellesley, Massachusetts, for the plaintiffs.

Elizabeth D. Seward, Tax Division, United States Department of Justice, Washington, D.C., with whom on the brief were, Eileen J. O'Conner, Assistant Attorney General, Mildred L. Seidman, and David Gustafson.

### *OPINION*

MARGOLIS, Senior Judge.

This tax refund action is before the Court on plaintiffs' motions for summary judgment or, in the alternative, to remand to the Internal Revenue Service ("IRS"). Plaintiffs seek to recover an overpayment of money allegedly held by the United States acting through the IRS. Defendant argues that, as the United States Court of Federal Claims reviews tax refund suits *de novo*, the plaintiffs have the burden to prove that money is owed by the IRS. The defendant, therefore, opposes both the motion for summary judgment and the motion for remand. After consideration of the briefs filed by the parties, the Court DENIES both the motion for summary judgment and the motion for remand.

### FACTS

Plaintiffs, Andrew and Linda D'Avanzo, appearing *pro se*, seek a refund of $9,185.84 from their 1994 income taxes. After receiving several extensions, plaintiffs mailed their joint federal income tax return on the last day of their extension for filing their joint tax return, postmarked October 15, 1998. The IRS received plaintiffs' tax return on October 19, 1998. On December 24, 1998, the IRS disallowed plaintiffs' tax return on the procedural ground that it was filed four days late and was, therefore, untimely. The IRS denied plaintiffs' administrative appeal on May 3, 1999. Plaintiffs' request for reconsideration was denied in April 19, 2000. The IRS informed plaintiffs that if they wanted to contest the IRS's decision, they would have two years from December 24, 1998, the date plaintiffs received their claim disallowance letter, in which to file their action in federal court. Throughout this process, the IRS did not consider the merits of plaintiffs' tax return claim. On December 26, 2000, plaintiffs filed this action in this Court seeking their tax refund.

Meanwhile, on July 28, 2000, the United States Court of Appeals for the Second Circuit held that a claim for a tax refund, incorporated in a tax return, was to be deemed filed on the date it was postmarked. *Weisbart v. United States*, 222 F.3d 93, 97 (2nd Cir.2000) (applying the mailbox rule to tax refund claims). On November 13, 2000, the IRS accepted the *Weisbart* ruling and announced that timely mailing of a tax refund claim equals a timely filing of that claim. The Government now acknowledges that plaintiffs' 1994 tax refund claim was timely filed.

On January 11, 2001, the IRS issued Treasury Decision 8932, 2001 WL 22724, which amended 26 C.F.R. part 301, holding that the timely mailing of tax returns results in their timely filing with the IRS. T.D. 8932, 2001 WL 22724 explains the new procedure for reconsideration of refund claims that were denied on untimeliness grounds, but would have been timely if the IRS had originally adopted the mailbox rule. T.D. 8932, 2001 WL 22724 explained:

> [T]he IRS will attempt to identify as many claims as possible that were filed on untimely original individual income tax returns and that were previously disallowed based on the Government's position in Weisbart. In these cases, the IRS intends to issue a refund, or credit the overpayment against a liability as provided in section 6402, without the need for the taxpayer to contact the IRS. Such automatic reconsideration of the claim will generally occur if the claim was filed on an individual income tax return for 1995 or a subsequent calendar year. Claims filed on other types of original returns will not receive automatic reconsideration under this program, e.g., individual returns for years prior to 1995.

> Because the IRS will be undertaking the automatic reconsideration program described above and intends to complete the program by June 30, 2001, taxpayers who have filed income tax refund claims for tax year 1995 and later years that qualify under § 301.7502–1(f) need not contact the IRS regarding their claims unless the two-year period for filing a refund suit under section 6532(a) for their denied claim will expire prior to June 30, 2001. In such cases, taxpayers are advised to file a request for reconsideration with the appropriate IRS Service Center. Such a request should include a notation on the top of the first page that it is a "Weisbart Claim." Such taxpayers are also advised to file a refund suit to protect their legal rights with respect to the claim. The IRS will respond to the requests for reconsideration after the IRS has finished identifying eligible claims under the automatic reconsideration program and paying those refunds. Taxpayers whose two-year period for filing a refund suit under section 6532(a) does not expire until after June 30, 2001, and who have not received a refund by that date, are advised to file a request for reconsideration with the appropriate IRS Service Center at that time.

Timely Mailing Treated as Timely Filing/Electronic Postmark, T.D. 8932, 66 FR 2257–01, 2258, 2001 WL 22724 (2001) (section explaining revisions).

## DISCUSSION

### *Plaintiffs' Motion for Summary Judgment*

Plaintiffs have filed a motion for summary judgment, pursuant to RCFC 56(c). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it might significantly affect the outcome of the suit under the governing law, which would make summary judgment improper. *Id.* at 248, 106 S.Ct. 2505. The role of the Court in determining a motion for summary judgment is not to weigh the evidence; rather, the Court determines questions of law based upon undisputed facts. *LFAM Corp. v. United States*, 42 Fed.Cl. 698, 701 (1999).

Plaintiffs argue that, as defendant has conceded that the 1994 tax return was filed timely, there is no longer an issue for the Court to consider. They assert that the IRS should simply review their claim as if the timeliness dispute had never occurred. The only reason given by the IRS to plaintiffs regarding the initial rejection of the tax return involved the procedural question of whether plaintiffs had filed timely. Plaintiffs believe that after defendant conceded the timeliness issue, there was no longer a genuine issue of material fact in the case. Therefore, plaintiffs claim that summary judgment should be granted in their favor. While plaintiffs' argument appears to be based on common sense, efficient, and arguably effective, the law speaks otherwise as the nature of this Court's jurisdiction over plaintiffs' claim is distinct from the procedures afforded by the IRS.

The Little Tucker Act confers the Court of Federal Claims with jurisdiction, concurrent with the U.S. district courts, over certain tax matters, primarily tax refund cases. It states that

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

28 U.S.C. § 1346(a). Any such case is considered a tax refund case. On December 26, 2000, plaintiff filed a civil action against the United States in the Court of Federal Claims for the recovery of allegedly erroneously collected internal revenue taxes. That filing of that complaint commenced this tax refund suit, over which the Court has proper jurisdiction under the Little Tucker Act.

Plaintiffs filed the complaint only after exhausting all administrative remedies that were available to them. The IRS initially rejected the claim because it believed that the income tax return was not timely filed. Plaintiffs went through two levels of administrative appeals within the IRS; each time the initial decision was upheld. Never during any of those proceedings did the IRS consider the merits of plaintiffs' claim. The IRS advised plaintiffs that the only further avenue of relief available was through a federal court and, therefore, plaintiffs commenced this action. In the defendant's answer to the amended complaint, the very next time plaintiffs heard from defendant, defendant conceded that the tax return was timely filed. Plaintiffs were, therefore, left in the very confusing position of having initiated a suit to contest a position that was immediately conceded. It is understandable that they now believe that there is no further issue, that the Court should not be involved, and that the IRS should simply process the claim as if all of the intervening steps revolving around the timeliness issue had not occurred. It is not, however, quite that simple.

The IRS denied this claim and all of the possible administrative appeals resulting from it. Therefore, the IRS has concluded its administrative decision-making process. Plaintiffs have filed a suit in the Court of Federal Claims to contest that decision by the IRS. This Court is a separate and distinct forum from the IRS. When a taxpayer seeking relief files a tax refund suit in this

Court, the taxpayer is initiating a separate proceeding whereby the taxpayer is asking for an independent legal remedy from that received from the IRS. As a separate forum, this Court follows a different procedural structure when determining whether plaintiffs are entitled to a tax refund than does the IRS. The procedures set forth in T.D. 8932, 2001 WL 22724 govern internal administrative actions of the IRS; they do not affect the procedural posture of a claim filed in a court. Plaintiffs are exercising their legal rights, but now through this Court and, therefore, it is the procedures of this forum, not those of the IRS, that are to be followed.

■■■ "It is well-settled that a tax refund suit in the Court of Federal Claims 'is a *de novo* [a new] proceeding, in which the plaintiff bears the burden of proof' with respect to each and every element of its claim." *International Paper Co. v. United States*, 36 Fed. Cl. 313, 322 (1996) (quoting *Sara Lee Corp. v. United States*, 29 Fed.Cl. 330, 334 (1993)). It is not an appellate review of the administrative decision that was made by the IRS; instead, the Court must make an independent decision as to whether the taxpayer is due a refund. *Id.* When making this determination, the Court is to give "no weight... to subsidiary factual findings made by the [IRS] in its internal administrative proceedings." *Cook v. United States*, 46 Fed.Cl. 110, 113 (2000).

■■ Summary judgment is not appropriate where any issues of material fact remain. RCFC 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Plaintiffs contend that no issue of material fact presently exists because defendant has conceded the timeliness issue. The central issue of this case is whether plaintiffs overpaid their 1994 taxes and are, therefore, entitled to a refund. Plaintiffs claim that they have; defendant claims that they have not. This is an issue of fact. It is material. Therefore, there is a genuine issue of material fact, and the motion for summary judgment must be denied.

Plaintiffs assert that, as defendant has not provided any evidence to prove that plaintiffs are not entitled to their refund, there is no dispute. This is not the case. There has

been no evidence put forth by either side with regard to this issue, and it is plaintiffs who bear the burden of proof in this proceeding. *International Paper Co.*, 36 Fed.Cl. at 322; *Sara Lee*, 29 Fed.Cl. at 334. Regardless of internal IRS procedures, in this forum it is the plaintiffs' responsibility to prove that they are entitled to a refund; it is not the responsibility of the IRS to prove that they are not. This burden is one "of production as well as persuasion." *International Paper Co.*, 36 Fed.Cl. at 322. It is plaintiffs' burden to affirmatively show that they have overpaid their taxes. *Id.* Until they have produced evidence and persuaded the court that what they are alleging is correct, the plaintiffs have not met that burden. *Id.*

Plaintiffs cite *Weisbart v. United States*, 222 F.3d 93 (2d Cir.2000), for the proposition that this case can be disposed of on this motion for summary judgment. The facts in *Weisbart* are, however, inapposite to the instant case. The plaintiff in *Weisbart* had mailed his tax return on the date of the filing deadline, as did the plaintiffs in the instant case. *Id.* at 94. The IRS had denied Weisbart's refund and subsequent appeals, taking the position that the filing was untimely. *Id.* The Second Circuit held that the mailbox rule applied to this type of situation and thus the refund claim was actually filed timely. *Id.* at 97. The Second Circuit remanded the case to the district court, and the plaintiff received his refund without the need to prove the merits of their case. *Id.* at 99. The plaintiffs in the instant case assert that they are in the same position as was the plaintiff in *Weisbart* and that, therefore, they are entitled to similar treatment. There is, however, an important distinction between the two cases. In *Weisbart*, the defendant had "admitt[ed] that if Weisbart's refund claim [was] deemed to have been filed on [the deadline date], he would have been entitled to his refund...." *Id.* at 96. In this case, no such admission has been made. In contrast to *Weisbart*, the question of whether the plaintiffs are entitled to a tax refund is a remaining issue of material fact that must be decided by this court.

*Plaintiffs' Motion to Remand Case to IRS*

 Plaintiffs have also filed a motion to remand the case to the IRS for reconsideration of their tax refund claim. They contend that because the IRS acquiesced with regard to the timeliness issue, this Court should simply remand the case to the IRS for a determination on the basis of T.D. 8932, 2001 WL 22724.

Congress has declared that "[i]n any case within its jurisdiction, the [Court of Federal Claims] shall have the power to remand *appropriate matters* to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491 (emphasis added); *see also* RCFC 56.2(a)(1). The objective of the remand power is not to force administrative agencies to review claims that they have already denied, but "to make it unnecessary for the parties to go to another court after the [Court of Federal Claims] made its decision, to obtain the rights which follow from the decision." *Hoopa Valley Tribe v. United States,* 219 Ct.Cl. 492, 596 F.2d 435, 447 (1979). When adding this provision, Congress contemplated that this power would be used the by the Court to expedite litigation by allowing the Court to control the amount of time taken by an administrative agency after the Court has ordered the agency to fill in gaps in the administrative record so that the Court can make a decision based on the record. S. REP. No. 92–1066 (1972), *reprinted in* 1972 U.S.C.C.A.N. 3116, 3117–18. In particular, the remedy was to apply primarily where "suits are filed on a money claim by a Government employee who alleges that he was illegally discharged" and to cases involving military personnel. *Id.* The legislation was passed as a response to a decision by the Supreme Court in which it declared that, in certain types of appeals, the Court is "bound by the administrative record as to findings of fact...." *Id.* (citing *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)).

This is not a wrongful discharge case, nor does it involve military personnel. Nor is this a case in which the Court is bound by the administrative record. Rather, the Court is to conduct a *de novo* review in which the record from the IRS should play no role. *See International Paper Co.,* 36 Fed.Cl. at 322; *Cook,* 46 Fed.Cl. at 113. Therefore, this is not a situation in which Congress meant for the remand power to be used; further review by the IRS would not be proper at this point.

It is true that the IRS now has internal regulations that would provide for automatic reconsideration of claims that were denied for the same reason as was plaintiffs' refund claim. That provision, as plaintiffs acknowledge, does not apply to this action. Plaintiffs have followed the IRS's recommendation and have preserved their rights by filing this suit in this Court. But it is in this forum where they will have the opportunity to litigate concerning what those rights are; they have already exhausted all of the administrative remedies of the IRS. Therefore, this Court does not believe that this matter would be an "appropriate" one to remand.

### CONCLUSION

For the reasons stated herein, this Court DENIES plaintiffs' motion for summary judgment and motion to remand.