# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1004

———————

Michael E. McKinzy, Sr.,             *
                                     *
            Appellant,               *
                                     *
    v.                               *    Appeal from the United States
                                     *    District Court for the
Internal Revenue Service; United     *    Western District of Missouri.
States of America, United States     *
Department of Justice,               *    [UNPUBLISHED]
                                     *
            Appellees.               *

———————

Submitted: May 14, 2009
Filed: June 9, 2009

———————

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

In 2007, Michael McKinzy filed tax returns for tax years 1999, 2001, and 2002, claiming a refund for each year plus additional child tax credit for tax year 1999. Thereafter, he filed this suit alleging that the Internal Revenue Service (IRS) wrongfully disallowed his tax refund claims for those years. The district court[1]

———————

[1] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

granted summary judgment for the United States,[2] concluding that the refund claims were untimely. McKinzy appeals, and following de novo review, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we affirm.

As a jurisdictional prerequisite to bringing a tax refund suit, a taxpayer is required to file a refund claim, see 26 U.S.C. § 7422(a), and must do so within three years of when the tax return was filed, or within two years from when the tax was paid, whichever is later. See 26 U.S.C. § 6511(a). McKinzy filed his refund claims simultaneously with his tax return. See 26 C.F.R. § 301.6402-3(a)(5) (properly executed tax return constitutes claim for refund within meaning of § 6511 for amount of overpayment disclosed by such return, and is considered filed on date when return is considered filed); Weisbart v. U.S. Dep't of Treasury, 222 F.3d 93, 94-96 (2d Cir. 2000) (taxpayer's refund claim was filed within three years from time return was filed where he submitted 1991 tax return in 1995, because he submitted refund claim simultaneously with return).

McKinzy cannot recover a refund, however, for any tax that was paid more than three years before he filed his refund claim. See 26 U.S.C. § 6511(b)(2)(A) (when claim is filed during three-year period prescribed in § 6511(a), "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return"). McKinzy's taxes for 1999, 2001, and 2002 were deemed "paid" on April 15, 2000, April 15, 2002, and April 15, 2003, respectively, and his claim for additional child tax credit for the 1999 tax year was deemed paid on April 15, 2000. See 26 U.S.C. § 6513(b)(1) (for purposes of § 6511, any tax that is deducted and withheld during calendar year is deemed "paid" on fifteenth day of fourth month following close of tax year with respect to which tax is

---

[2]The district court agreed with the United States that it was the proper defendant. See 28 U.S.C. § 1346(a)(1).

allowable as credit).  Accordingly, his refund claims, filed in 2007, were untimely as to the taxes paid for each of the years at issue.  See Oropallo v. United States, 994 F.2d 25, 27 (1st Cir. 1993) (per curiam) (§ 6511(b) barred recovery of taxes for tax year 1983 because those taxes were deemed paid on April 15, 1984, and taxpayer did not file claim for refund until March 1990).  Further, equitable tolling does not apply in this context.  See United States v. Brockamp, 519 U.S. 347, 350-54 (1997) (declining to read implicit equitable-tolling provision into § 6511).  Accordingly, we reject McKinzy's argument that the IRS's filing of substitute returns in 2005 served to extend his time to file for a refund, and we affirm the district court's judgment.

_____